## MIAMI PACKING CO. v. DAVIS.

No. 22031.    May 22, 1934.

Rehearing Denied June 19, 1934.

F. D. Adams and E. C. Fitzgerald, for plaintiff in error.

Wm. M. Thomas and J. S. Campbell, for defendant in error.

ANDREWS, J. The defendant in error, as plaintiff, filed a petition in the county court of Ottawa county praying for damages in the sum of $300, with interest, for an alleged injury growing out of the sale to him by the defendant of certain hogs which were alleged to have been infected with cholera at the time of the sale.

The particular allegations of the petition upon which the plaintiff bases his action for damages are, in substance, that the defendant bought and sold hogs; that the defendant had a great number of pens for keeping hogs; that all of the pens became seriously infected with hog cholera during the spring and summer prior to the purchase by the plaintiff; that the defendant lost many hogs from cholera; that the defendant knowingly kept hogs infected with cholera in all of the pens before the date of the plaintiff's purchase; that the hogs purchased by the plaintiff were kept by the defendant in the infected pens for some time and were exposed to cholera and became infected with cholera, all of which the defendant well knew when it sold them to the plaintiff, and as a direct result of said infection in the pens of the defendant, the hogs became sick and died.

It is further alleged in the petition that the defendant fraudulently sold and delivered the hogs to the plaintiff without disclosing to the plaintiff that the hogs had been exposed and infected with cholera and with the intent and purpose of defrauding the plaintiff; that as the ordinary, direct, and proximate result of its unlawful act in selling the said infected animals to the plaintiff, the plaintiff sustained the damages alleged.

The defendant answered denying the allegations of the plaintiff's petition. The cause was tried to a jury, and a verdict was returned for the plaintiff in the sum of $300, with interest. The defendant appealed to this court. The parties will be referred to as they appeared in the trial court.

Among other assignments of error complained of is that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. It is shown by the record that the defendant demurred to the evidence and the demurrer was overruled.

There was testimony that, at some time prior to the purchase by the plaintiff, some hogs had died in some of the pens kept by the defendant.

The record shows that the plaintiff observed certain small hogs in one of the pens of the defendant and, desiring to buy them, he conferred with the manager of the defendant; that the hogs had just been purchased by the defendant and unloaded into the pen; that the plaintiff wanted six or seven more and was informed that the defendant would have others later in the day; that the plaintiff returned to the defendant the following morning and purchased the twelve hogs he had observed the previous day and additional hogs that had been brought in the evening before. The plaintiff testified that the hogs purchased were in fine condition and were taken home and placed in a pen; that he did not remember whether or not there were other hogs in the pen at the time; that one of them became sick within seven, eight, or ten days after he bought them; that two or three days later others became sick, until they all became sick, and 16 of them died within two months or more after they were purchased; that the plaintiff bought the hogs on August 17th, and that he had bought other hogs from the defendant on May 24th previous.

There was no testimony to show that the hogs purchased by the plaintiff came from any pen where diseased hogs had been. There was no expert testimony to show that the hogs had cholera or had died of cholera. There was testimony of veterinarians of many years' experience that in all probability the hogs did not have cholera, but that they had died of necrotic enteritis, of which small hogs are particularly susceptible when fed on stale swill and garbage gathered promiscuously. The plaintiff testified that he bought hogs in various localities to fatten and sell and that he obtained swill and garbage from different localities to feed them and was feeding the hogs in controversy from such swill and garbage when they became sick.

The plaintiff in his brief contends that the evidence was overwhelming that the defendant knew that these hogs had been exposed to hog cholera and that they were sold to the plaintiff in violation of the terms of section 3854, C. O. S. 1921. We do not agree with those statements. The plaintiff has not called our attention to any testimony to that effect, and we have found none in the record. Neither have we found any testimony to the effect that the defendant kept the hogs in infected pens exposed to cholera, that they were infected, if at all, while in the pens of the defendant, or that the defendant had any knowledge of an infected condition. Neither did the plaintiff introduce any proof tending to show that the defendant fraudulently sold infected animals to the plaintiff with intent and purpose of defrauding him, as alleged in his petition.

We conclude that there was no testimony introduced from which the jury could reasonably conclude that the pen from which the plaintiff purchased the hogs was infected with cholera or other infectious or contagious disease, or that the hogs became infected during the short time they were in the pen, rather than before they were placed there or after the plaintiff had purchased them. The plaintiff failed to prove the allegations of his petition, and the demurrer to the evidence should have been sustained.

While it is the well-settled rule in this state that a verdict based upon conflicting testimony will not be disturbed where there is evidence reasonably tending to support such verdict, yet, in the case where there is no competent evidence reasonably tending to support a verdict and judgment, it will be reversed. Oklahoma Union Railroad Co. v. Houk, 109 Okla. 187, 235 P. 499.

It will not be necessary to consider other assignments of error presented by the defendant.

The judgment of the trial court is reversed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and OSBORN, JJ., concur.